UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RLP VENTURES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 3276 |
| | ) | |
| ALL HANDS INSTRUCTION NFP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant All Hands Instruction NFP's ("All Hands") motion to dismiss Plaintiff RLP Ventures LLC's ("RLP") complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants All Hands' motion.

## BACKGROUND

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in RLP's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

All Hands is an Illinois not-for-profit corporation that uses its web-based MOSAYEC software product to encourage students to become more involved in

extracurricular activities. RLP is a New York limited liability company that owns and operates a social media and e-commerce entity using the trademark "MOSAEC."

The MOSAEC web-based platform is a commerce, content, advertising and social media web environment that spotlights film, music, art, theater, dance, literature, fashion, sports, and locales. In addition, via the MOSAEC platform, RLP sells consumer goods, buys and sells advertising, and seeks funding from individuals, corporations, and governments. The platform targets youths and adults seeking information to evaluate, select, and plan extracurricular activities. To that extent, MOSAEC has been used in schools for philanthropic purposes.

RLP built the MOSAEC platform from the ground up, investing substantial amounts of time and money. The MOSAEC platform was first released in a "beta" form during the fall of 1998. The "gamma" version of the platform was launched in the spring of 1999. Since its launch, the MOSAEC platform has been accessible throughout the United States with users engaging with the platform's content and purchasing its consumer goods. Youth and adult students throughout the United States who expressed an interest in the fields of journalism and entertainment have contributed to MOSAEC. Through the use of the MOSAEC platform, consumer goods have been distributed to its users and contractors, which includes residents of Chicago, Illinois. Ultimately, RLP's MOSAEC mark was federally registered on February 27, 2018.

According to the complaint, since the adoption of MOSAEC, the platform has been used and accessed by a notable number of users. For example, there have been

over 750,000 YouTube views of videos incorporating the MOSAEC brand in connection with RLP's services since 2008. Since 2009, there have been over 139,000 likes recorded in connection with the Facebook presence associated with the MOSAEC platform. Similarly, MOSAEC branded tweets have been retweeted by the Tribeca Film Festival, which has over 460,000 followers.

All Hands has a trademark in the mark MOSAYEC since June 2015. This MOSAYEC-branded website provides a safe place for students to create and keep their own records of involvement with extracurriculars. MOSAYEC is used in connection with services for youth and adults that are within the group targeted by RLP. RLP alleges that Jerome Green, the principal of All Hands and its current executive director, had knowledge of the MOSAEC platform and its operations prior to the selection and commencement of the MOSAYEC mark.

Prior to All Hands' registration of MOSAYEC, RLP sent the attorney of record for All Hands a cease and desist letter. RLP followed up with a second letter and email reiterating its position on April 30, 2015. During this time, RLP also contacted the Trademark Assistance Center at the United States Patent and Trademark Office ("PTO") to determine the procedure to request cancellation prior to the registration of MOSAYEC. However, on May 7, 2015, RLP received a letter dated April 16, 2015 from All Hands' attorney, which indicated that All Hands did not copy RLP's platform. Thereafter, All Hands was issued registration of MOSAYEC on June 7, 2015. Although the MOSAYEC registration lists the services as "providing temporary use of web-based

3

software for use by children and youth to evaluate, select, and plan extracurricular activities that advance personal, education, and career goals," RLP asserts that the services rendered by All Hands using the MOSAYEC mark are confusingly similar to the services rendered by RLP's MOSAEC.

Following All Hands' application for registration of MOSAYEC, RLP commenced a cancellation proceeding before the Trademark Trial and Appeal Board ("TTAB") on December 28, 2015 on the grounds of priority of use and likelihood of confusion. In this proceeding, TTAB held that RLP had priority of use. It also held that RLP and All Hands' marks are similar in sight, sound, and commercial impression, which favors finding a likelihood of confusion, but that there was no evidence that consumers would expect these services to derive from a single source. TTAB further stated that there is insufficient evidence to find that the channels of trade will overlap, as All Hands' services target children and youth while RLP's services have a general audience that may also include children and youth. Thus, on March 5, 2018, TTAB ruled that there was not a likelihood of confusion with respect to the parties' marks.

Following the initial TTAB cancellation proceeding, RLP filed a civil action in the United States District Court for the Southern District of New York ("SDNY") on May 3, 2018, seeking a review of TTAB's decision and a finding of federal trademark infringement, unfair competition, and associated state law claims. On July 30, 2018, All Hands filed a motion to dismiss or transfer the SDNY action for lack of personal jurisdiction and improper venue, among other assertions. On September 11, 2018, RLP

initiated a second TTAB proceeding on new grounds, including abandonment and non-use of the MOSAYEC mark and fraud committed in the registration. These claims were based primarily on assertions made by All Hands, with supporting documents, in its motion to dismiss the SDNY action. On February 7, 2019, TTAB issued an order suspending the proceeding pending the outcome of the SDNY action. The second TTAB proceeding remains suspended as of the date of RLP's complaint in this matter.

On March 27, 2019, SDNY issued an opinion granting All Hands' motion to dismiss the action based on lack of personal jurisdiction and improper venue. RLP then filed the instant complaint on May 15, 2019, alleging federal and common law trademark infringement and unfair competition, abandonment, fraud against the PTO, and the MOSAYEC application being void ab initio. On July 16, 2019, All Hands filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations,

but they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## **DISCUSSION**

All Hands urges the Court to dismiss Counts I through IV of RLP's complaint because each requires a finding of likelihood of confusion between the parties' respective marks. *See Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, n.1 (7th Cir. 2019); *See also Jim Mullen Charitable Found. v. World Ability Fed'n, NFP*, 917 N.E.2d 1098, 1104 (Ill. Ct. App. 2009). All Hands maintains that these claims cannot proceed because issue preclusion bars RLP from re-litigating the likelihood of confusion element previously decided by TTAB in the first cancellation proceeding. Provided that the Court grants dismissal on RLP's trademark infringement and unfair competition, All Hands further seeks dismissal of Counts V–VII for lack of subject

6

matter jurisdiction because federal district courts lack jurisdiction to hear cancellation claims. The Court addresses each argument in turn.

I. **Whether Issue Preclusion Bars Counts I through IV of RLP's Complaint**

Issue preclusion "prevent[s] relitigation of issues resolved in an earlier suit." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). The doctrine of issue preclusion holds that "if an issue happens to have been litigated and determined in a previous suit between the parties, there is no reason to litigate it again." *In re Diaz*, 580 B.R. 238, 242 (N.D. Ill. 2017). Issue preclusion may be invoked in unrelated claims and asserted by litigants not party to the original suit. *Id.* Issue preclusion applies when: (1) the issue sought to be precluded is identical to an issue in a prior litigation; (2) the issue must have been actually litigated in prior litigation; (3) determination of the issue was essential to the prior judgement; and (4) the party against whom issue preclusion is being asserted was fully represented in the prior action. *Adams*, 742 F.3d at 736. The parties only dispute the first prong of the issue preclusion test, namely whether the issues are identical.

Issue preclusion applies to TTAB decisions if the usages adjudicated by TTAB are materially the same as those before the district court, so long as the ordinary elements of issue preclusion are met. *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 159 (2015) (finding that TTAB's decision on likelihood of confusion had preclusive effect); *See also Cesari S.r.L. v. Peju Province Winery L.P.*, 2017 WL 6509004, at *3–6 (S.D.N.Y. 2017) (finding loss in prior TTAB proceeding precluded

7

plaintiff from re-litigating likelihood of confusion in subsequent infringement action). Therefore, to survive a motion to dismiss RLP must allege sufficient facts to support an inference that the usages adjudicated by the TTAB are different from All Hands' actual usage. RLP has failed to do so.

In the initial TTAB cancellation proceeding, TTAB found that the MOSAEC and MOSAYEC marks were confusingly similar in sight, sound, and commercial impression, but stated that RLP failed to provide enough evidence that the channels of trade and consumers sufficiently overlap. Thus, TTAB found that there was no likelihood of confusion. In doing so, TTAB considered the usages of MOSAYEC as laid out in the registration application. The registration application stated that MOSAYEC was "providing temporary use of web-based software for use by children and youth to evaluate, select, and plan extracurricular activities that advance personal, education, and career goals."

RLP alleges that All Hands has not used the MOSAYEC mark in more than three years, and thus, has not rendered the services that appear in its registration. Since TTAB did not evaluate All Hands' actual use of its mark in commerce or lack thereof, RLP alleges that this materially changes the likelihood of confusion issue and thus, the issue is not barred by issue preclusion. *See In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, 712 F. Supp. 2d 776, 792 (N.D. Ind. 2010) (holding that when the underlying factual conditions change from the time of the first decision, it

8

cannot be said that the issues are identical). But this allegation is unsupported by the record.

RLP relies on All Hands' motion to dismiss filed in the Southern District of New York to support its assertion that All Hands has not used the MOSAYEC mark in three years. 1:19-cv-3276, Dkt. # 24-5 at 10. But that reliance is misplaced. All Hands' motion only states that their website was not "currently functional," *i.e.* as of July 30, 2018, when that motion was filed. *Id*. This allegation alone does not support an inference that All Hands had not used the mark for more than three years. Even if we assume that allegation to be true, the failure to use the mark does not impact a court's analysis of the likelihood of confusion.

None of the factors that the Seventh Circuit or TTAB considers for likelihood of confusion involves lack of use. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 642 (7th Cir. 2001); *See also Application of E. I. DuPont DeNemours & Co.*, 476 F.2d 1357, 1361–62 (C.C.P.A. 1973). Thus, All Hands' failure to use the mark is not a material factual change that would change the outcome of TTAB's analysis.

Therefore, the Court finds that "TTAB [has] decid[ed] the same likelihood of confusion issue as [this Court would] in infringement litigation," *see B&B Hardware*, 135 S. Ct. at 1308, and issue preclusion bars this Court's consideration of Counts I through IV of RLP's complaint. Accordingly, Counts I through IV are dismissed for failure to state a claim.

## II. Appeal from the TTAB's Decision

In an attempt to salvage its complaint, RLP alternatively asserts that its complaint should operate as an appeal of the TTAB's decision in the initial cancellation proceeding. Even if we construe the complaint as an appeal, that appeal is time-barred.

A party may seek review of a TTAB decision in federal district court. 15 U.S.C. § 1071(b)(1). Such a civil action must be commenced no later than sixty days after the date of the final TTAB decision. *Id.* Once this action is filed, defects in the original complaint can be cured provided the amended complaint relates back to the original complaint. Fed. R. Civ. P. 15(c). The Supreme Court has interpreted the relation back doctrine to apply if an amended pleading "relate[s] to the same general conduct, transaction and occurrence" as the original pleading. *Tiller v. Atl. Coast Line R.R. Co.*, 323 U.S. 574, 580–81 (1945). However, a plain reading of Rule 15 indicates that the relation back doctrine only applies to amendments to the original pleading; therefore, a complaint in one court cannot be related back to a complaint in another court. Fed. R. Civ. P. 15(c).

There is an exception when a case is transferred from one court to another; in those instances, an amendment can relate back to the original pleading. *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1373 (Fed. Cir. 2019). A district court is allowed to transfer a case "laying venue in the wrong division or district" if the transfer would serve "the interest of justice." 28 U.S.C. § 1406(a). However, "if the case is dismissed rather than transferred, [RLP's] claims [seeking review of the TTAB decision] would

10

be barred by the sixty-day limitation that governs appeals to federal district courts from trademark cancellation and opposition proceedings." *Scotch Whisky Ass'n v. Majestic Distilling Co.*, 681 F. Supp. 1297, 1308 (N.D. Ill. 1988); *See E & J Gallo Winery v. Candelmo*, 192 U.S.P.Q. 210, 211 (D.D.C. 1976) (Section 1406(a) transfer warranted when dismissal may effectively preclude the plaintiff from appealing TTAB decision).

In this case, TTAB issued its final decision regarding likelihood of confusion on March 5, 2018. RLP timely filed an appeal of the final TTAB decision with SDNY on May 3, 2018. However, the SDNY action was dismissed for lack of personal jurisdiction, and RLP filed the instant complaint on May 15, 2019, which is more than sixty days since TTAB's decision. Therefore, RLP's claims seeking review of the TTAB decision are barred by the sixty-day limitation that governs trademark cancellation appeals to federal district courts. *Scotch Whisky Ass'n*, 681 F. Supp. at 1308.[1]

Thus, Counts I through IV are an untimely appeal of the TTAB decision.

### III. Subject Matter Jurisdiction over Counts V through VII

RLP also seeks cancellation of All Hands' MOSAYEC mark on the basis of abandonment via non-use (Count V), fraud against the PTO (Count VI), and the registration being void ab initio (Count VII).

---

[1] RLP's proper course of action would have been to seek reconsideration of the dismissal in SDNY and to transfer under 28 U.S.C. § 1406(a), since dismissal effectively precludes it from appealing TTAB decision. *See E & J Gallo Winery v. Candelmo*, 192 U.S.P.Q. 210, 211 (D.D.C. 1976) (Section 1406(a) transfer warranted when dismissal may effectively preclude the plaintiff from appealing TTAB decision).

Federal district courts may cancel a trademark in an action otherwise involving a registered mark, as in a trademark infringement suit, but courts do not have an "independent basis for federal jurisdiction" when it comes to trademark cancellation. *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 598 (9th Cir. 2014); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 99 (2d Cir. 2011); *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 873 (3d Cir. 1992); *Windsurfing Int'l Inc. v. AMF Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987). The Lanham Act only specifies that cancellation cannot be sought if there is not already an ongoing action involving a registered mark. 15 U.S.C. § 1119; *See Airs Aromatics, LLC*, 744 F.3d at 598; *See also CIBER, Inc. v. CIBER Consulting, Inc.*, 326 F. Supp. 2d 886, 889 (N.D. Ill. 2004) (dismissing cancellation claims because there was "no justiciable case or controversy" without accompanying infringement claims). Accordingly, this Court does not have independent jurisdiction over any of RLP's asserted cancellation bases. 15 U.S.C. § 1119. Therefore, Counts V–VII are dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons mentioned above, the Court grants All Hands' motion to dismiss with prejudice. It is so ordered.

Dated: 03/23/2020

_____
Charles P. Kocoras
United States District Judge